# Exhibit A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| MICHELLE LAJIMODIERE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF OREGON;<br>WARREN GREGORY ROBERTS, M.D.,<br>an individual;<br>DEENA LOZIER, FNP-C, an individual;<br>and<br>JOHN DOES 1-15, individuals,<br><br>Defendants. | Case No.    26CV23017<br><br>**COMPLAINT**<br><br>**Personal Injury – Medical Negligence**<br><br>Prayer: $82,953.11<br>Not Subject to Mandatory Arbitration<br><br>Demand for Jury Trial<br><br>Fee Authority: ORS 21.160(1)(c) |

FOR PLAINTIFF'S CLAIMS AND RELIEF HEREIN, Plaintiff alleges as follows:

**PARTIES**

1.

Plaintiff Michelle Lajimodiere (hereinafter referred to as "Plaintiff"), an individual, is a resident of the city of Ashland, county of Jackson, state of Oregon.

2.

The Oregon Department of Corrections, doing business as Coffee Creek Correctional Facility is an agency of Defendant the State of Oregon and is engaged in the regular and sustained business of housing and caring for its inmates.

Page  1 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

3.

The Oregon Department of Corrections Health Services is an agency of Defendant the state of Oregon and is engaged in the regular and sustained business of providing medical care to inmates in the Oregon Department of Corrections facilities including Coffee Creek Correctional Facility.

4.

Defendant Warren Gregory Roberts, M.D. (hereinafter referred to as "Dr. Roberts") was employed or otherwise engaged as an agent or employee of the Oregon Department of Corrections, specifically as the chief medical officer. At all times material herein, Defendant Dr. Roberts was acting within the course and scope of their employment and/or agency and on behalf of Defendant the state of Oregon.

5.

Defendant Deena Lozier, FNP-C (hereinafter referred to as "Defendant Lozier") was employed or otherwise engaged as an agent or employee of the Oregon Department of Corrections. At all times material herein, Defendant Lozier was acting within the course and scope of their employment and/or agency and on behalf of Defendant the state of Oregon.

6.

Defendants John Doe 1-15 were employed or otherwise engaged as an agent or employees of the Oregon Department of Corrections. At all times material herein, Defendants John Doe 1-15 were acting within the course and scope of their employment and/or agency and on behalf of the state of Oregon.

7.

On January 21, 2024, Plaintiff dislocated her thumb while incarcerated at Coffee Creek Correctional Facility.

8.

On January 22, 2024, Defendant Dr. Roberts of the Oregon Department of Corrections

Page  2 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

Health Services ordered x-rays of Plaintiff's right hand. Imaging showed no fracture.

9.

Plaintiff complained of pain and discomfort, and her thumb was obviously deformed. The defendants refused any further medical treatment and did not even splint Plaintiff's thumb.

10.

For the next month Plaintiff's thumb would dislocate frequently, causing Plaintiff continuous and serious pain.

11.

Plaintiff's thumb deformity was so obvious that correctional staff, when handcuffing Plaintiff for their operational procedures, would use extra care to avoid further injury to her thumb.

12.

After continually complaining to staff, Defendant Lozier photographed Plaintiff's injury and deformity, and she ordered additional x-rays on February 12, 2024. Again, the imaging showed no fracture, but despite the obvious deformity, no further follow-up treatment was conducted.

13.

Plaintiff continued complaining about her right hand and was seen by Defendant John Doe 1 on March 6, 2024.  Plaintiff was finally approved for an orthopedic consultation with an orthopedic surgeon.

14.

Despite this ostensible approval, Plaintiff was never scheduled to see an orthopedic surgeon.

15.

Plaintiff continued to complain of pain, deformity and continued dislocation of her thumb.  She was seen by a new medical provider on May 17, 2024, who was filling in for the

Page  3 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

regular provider. This provider sent her directly to the emergency department at Legacy Meridian Park Medical Center.

16.

On May 17, 2024, at Legacy Meridian Park Medical Center Emergency Department it was determined that Plaintiff's thumb was dislocated. Plaintiff was diagnosed with a sprain of the metacarpophalangeal joint of her right thumb.

17.

A doctor at Legacy Meridian Park Emergency Department was unable to fully reduce the dislocated thumb so they provided Plaintiff with a splint, a simple action that could have prevented Plaintiff's permanent injury had it occurred initially.

**FIRST CLAIM FOR RELIEF**

**(Negligence – against all Defendants)**

18.

Plaintiff incorporates by reference and realleges paragraphs 1 through 17 above.

19.

Defendants were negligent in one or more of the following respects that caused injury to Plaintiff:

    a. In failing to thoroughly examine Plaintiff's injury;

    b. In failing to send Plaintiff for further medical treatment;

    c. In failing to provide preventative measures such as a splint for a recurring injury such as a dislocation;

    d. In failing to immobilize Plaintiff's joint to prevent further cartilage and ligament injury; and,

    e. In delaying Plaintiff's medical treatment thereby causing further and permanent injury to Plaintiff.

Page 4 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

20.

As a result of Defendants' negligence plaintiff suffered the following injuries, some of which are permanent:

    a.  Chronic dislocation of right thumb metacarpophalangeal joint with post-traumatic arthritis;

    b.  Sprain of the right thumb metacarpophalangeal joint;

    c.  Deformity at the right thumb metacarpophalangeal joint;

    d.  Collateral ligament injury; and,

    e.  Advanced degradation of the cartilage in her right hand.

21.

As a further result of Defendants' negligence described herein, Plaintiff has incurred medical bills totaling $32,953.11.  Plaintiff's future medical and surgical treatment will cost an estimated $50,000.00.  Plaintiff reserves the right to amend or supplement economic damages up to and including through the time of trial.

22.

In addition, Plaintiff has suffered the loss of enjoyment of life, pain and suffering, all causing her non-economic damages in an amount to be determined by a jury.

**SECOND CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs in Violation of the Eighth and Fourteenth Amendments – Against All Defendants)**

23.

Plaintiff incorporates by reference and realleges paragraphs 1 through 22 above.

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

24.

This claim is brought pursuant to 42 U.S.C. § 1983, which provides a cause of action against any person who, acting under color of state law, deprives another of rights, privileges, or immunities secured by the Constitution and laws of the United States.

25.

At all times material herein, Defendants Dr. Roberts, Lozier, and John Does 1-15 were acting under color of state law in their capacities as employees and/or agents of the Oregon Department of Corrections and/or Oregon Department of Corrections Health Services.

26.

Plaintiff, as an inmate incarcerated at Coffee Creek Correctional Facility, was a person in the custody of the state of Oregon entitled to constitutionally adequate medical care under the Eighth Amendment's prohibition against cruel and unusual punishment, as applied to the states through the Fourteenth Amendment.

27.

Plaintiff's dislocated thumb, visible deformity of the metacarpophalangeal joint, and chronic recurring dislocations over a period of nearly four months constituted a serious medical need. The condition was objectively, sufficiently serious in that a reasonable physician would recognize the necessity of timely intervention, immobilization, and orthopedic consultation to prevent permanent injury. The obviously visible deformity, Plaintiff's repeated and continuous complaints of pain, and the correctional staff's awareness of the injury sufficient to alter their handcuffing procedures all confirm the objective seriousness of the medical need.

28.

Defendants Dr. Roberts, Lozier, and John Does 1-15 knew of and disregarded an excessive risk to Plaintiff's health and safety. Specifically:

    a. Defendant Dr. Roberts was made aware of Plaintiff's dislocation and obvious deformity on or about January 22, 2024, yet failed to provide any treatment beyond

Page  6 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

ordering x-rays, refused to splint or immobilize the injured joint, and took no steps to prevent the recurring dislocations that foreseeably followed;

b. Defendant Lozier was made aware of Plaintiff's continuing injury and deformity by February 12, 2024, photographed the injury, ordered repeat imaging, and yet failed to provide treatment, immobilization, or any meaningful follow-up despite recognizing the persistent deformity;

c. Defendants John Does 1-15 were made aware of Plaintiff's condition through her repeated complaints, and despite a purported approval of an orthopedic consultation on or about March 6, 2024, failed to schedule or arrange that consultation, thereby allowing Plaintiff's serious medical condition to go untreated for an additional two months;

d. No Defendant provided Plaintiff with even the most basic and elementary intervention—a splint—despite the objectively obvious nature of the recurring dislocation and the availability of that measure; and

e. The totality of Defendants' conduct reflects not mere negligence but deliberate indifference to a known and serious risk of harm to Plaintiff.

29.

The period of deliberate indifference spanned from January 21, 2024, through May 17, 2024—nearly four months—during which Plaintiff's thumb repeatedly dislocated, causing continuous pain and resulting in permanent injury that could have been prevented by basic, timely medical intervention.

30.

As a direct and proximate result of Defendants' deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution, Plaintiff suffered the injuries identified in paragraph 20 above, including

Page  7 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

permanent injury to her right thumb, chronic post-traumatic arthritis, collateral ligament injury, and degradation of cartilage, as well as prolonged and unnecessary pain and suffering.

31.

Plaintiff is entitled to compensatory damages, including past and future medical expenses, and damages for pain, suffering, and loss of enjoyment of life, in amounts to be determined by the jury.

32.

The conduct of Defendants Dr. Roberts, Lozier, and John Does 1-15 was undertaken with conscious disregard for Plaintiff's federally protected rights.

33.

Plaintiff is further entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**THIRD CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 – Supervisory Liability for Failure to Train, Supervise, and Establish Adequate Medical Care Policies in Violation of the Eighth and Fourteenth Amendments – Against All Defendants)**

34.

Plaintiff incorporates by reference and realleges paragraphs 1 through 33 above.

35.

The Oregon Department of Corrections and The Oregon Department of Corrections Health Services are state entities and persons acting under color of state law within the meaning of 42 U.S.C. § 1983.

36.

The constitutional deprivations suffered by Plaintiff resulted not only from the individual conduct of medical personnel, but from the policies, customs, and practices of The Oregon

Page  8 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

Department of Corrections and Oregon Department of Corrections Health Services, which were the moving force behind the violation of Plaintiff's constitutional rights. Specifically:

a. Defendants maintained a custom, policy, or practice of delaying or denying orthopedic consultations and specialist referrals to incarcerated persons with obvious musculoskeletal injuries, as demonstrated by the multi-month delay and ultimate failure to schedule an orthopedic consultation despite documented approval;

b. Defendants maintained a custom, policy, or practice of failing to provide basic immobilization and interim treatment for recurring joint dislocations, reflecting a systemic indifference to the preventable harm caused by untreated musculoskeletal injuries;

c. Defendants failed to adequately train their medical personnel regarding the constitutional requirement to provide timely and appropriate care for serious medical needs, and specifically regarding the proper treatment of joint dislocations and the risks associated with untreated recurring dislocations;

d. Defendants failed to adequately supervise their medical personnel in the provision of care to incarcerated persons with serious and recurring medical conditions, and took no corrective action despite Plaintiff's repeated complaints over a period of nearly four months; and

e. Defendants maintained a custom, policy, or practice of approving specialist referrals without implementing any system to ensure those referrals were actually scheduled and completed, effectively rendering such approvals meaningless.

//

//

//

Page  9 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

37.

The individual defendants were supervisory personnel at The Oregon Department of Corrections and Oregon Department of Corrections Health Services and were thus supervisory personnel for Defendant the state of Oregon.

38.

The individual defendants knew, or in the exercise of reasonable supervision should have known, that their subordinates were providing constitutionally inadequate medical care to inmates with serious medical needs, including Plaintiff, yet failed to take corrective action.

39.

The customs, policies, and practices described herein were so persistent and widespread as to constitute the effective policy of the Defendants. The failure to train and supervise was so pervasive that it amounted to deliberate indifference to the rights of persons in Defendants' custody.

40.

As a result of the unconstitutional customs, policies, and practices involving failures to train and supervise described herein, Plaintiff suffered the permanent injuries and damages identified in paragraphs 20 and 30 above.

41.

Plaintiff is entitled to compensatory damages, including past and future medical expenses, damages for pain and suffering, loss of enjoyment of life, and all other damages allowed by law, in amounts to be determined by the jury.

42.

Plaintiff is further entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

//

//

Page 10 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

**FOURTH CLAIM FOR RELIEF**

**(42 U.S.C. § 1983 – Monell Liability Against the state of Oregon for Unconstitutional Custom, Policy, or Practice of Failing to Provide Adequate Medical Care to Inmates in Violation of the Eighth and Fourteenth Amendments)**

43.

Plaintiff incorporates by reference and realleges paragraphs 1 through 42 above.

44.

This claim is brought pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and its progeny, which recognize that a governmental entity may be held liable under § 1983 where a constitutional deprivation results from an official policy, custom, or practice of that entity.

45.

Defendant the state of Oregon, acting through the Oregon Department of Corrections and Oregon Department of Corrections Health Services, is a governmental entity subject to suit under 42 U.S.C. § 1983 with respect to claims for prospective injunctive and declaratory relief, and its employees and agents acted under color of state law at all times material herein.

46.

At all times material herein, the state of Oregon, through the Oregon Department of Corrections and Oregon Department of Corrections Health Services, maintained an unconstitutional custom, policy, or practice of failing to provide timely and adequate medical care to inmates with serious medical needs. This custom, policy, or practice was so persistent, widespread, and well-settled as to constitute the effective policy of the state of Oregon and was the moving force behind the deprivation of Plaintiff's constitutional rights. The unconstitutional custom, policy, or practice included, but was not limited to, the following:

    a. A custom, policy, or practice of dismissing or minimizing inmate complaints of pain and serious injury without conducting thorough physical examinations or

Page 11 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

providing appropriate diagnostic workups, resulting in the routine under-treatment of objectively serious medical conditions;

b. A custom, policy, or practice of denying or unreasonably delaying referrals to specialist physicians and outside medical providers for inmates with conditions exceeding the capacity of in-facility providers, thereby exposing inmates to foreseeable, preventable, and permanent harm;

c. A custom, policy, or practice of approving specialist referrals and follow-up consultations on paper while failing to implement any mechanism to ensure those referrals were scheduled, tracked, or completed, such that approvals became meaningless and inmates with serious conditions went without necessary care for extended periods;

d. A custom, policy, or practice of providing only superficial or palliative responses to inmate medical complaints—such as photographing an injury or repeating imaging studies—without implementing evidence-based treatment, including basic interim measures such as immobilization and splinting, that would prevent further injury pending more definitive care;

e. A custom, policy, or practice of failing to conduct or require any meaningful follow-up or continuity of care for inmates with recurring, chronic, or worsening medical conditions, effectively abandoning inmates to endure progressive injury without intervention; and

f. A custom, policy, or practice of rationing or restricting outside medical care and specialist access for incarcerated persons based on resource, cost, or administrative convenience considerations rather than the clinical needs of the inmate, in deliberate disregard of the constitutional minimum standard of care.

Page  12 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

47.

The unconstitutional custom, policy, or practice described herein was known to, ratified by, and maintained with the deliberate indifference of policymaking officials within the state of Oregon, specifically the Oregon Department of Corrections and Oregon Department of Corrections Health Services. State policymakers were on actual or constructive notice that the existing practices were inadequate to protect the constitutional rights of inmates in their custody yet took no meaningful steps to correct the deficiencies. The pattern of constitutional violations was so obvious and persistent that deliberate indifference on the part of the state of Oregon is the only reasonable inference.

48.

The individual constitutional violations suffered by Plaintiff were not isolated incidents but were the direct and predictable product of the state of Oregon's systemic customs, policies, and practices. Each failure in Plaintiff's case — the refusal to splint an obviously dislocated thumb, the repeated superficial re-examinations without treatment, the paper approval of an orthopedic referral that was never scheduled, and the nearly four-month delay before any meaningful care was provided—reflects the broader unconstitutional customs and practices described herein.

49.

As a result of the state of Oregon's unconstitutional customs, policies, and practices described herein, Plaintiff suffered the permanent injuries and damages identified in paragraphs 21 and 31 above, including chronic post-traumatic arthritis, collateral ligament injury, cartilage degradation, permanent deformity of her right thumb, and prolonged pain and suffering that proper and timely medical care would have prevented or substantially reduced.

50.

Plaintiff is entitled to compensatory damages for past and future medical expenses, pain and suffering, loss of enjoyment of life, and all other recoverable damages, in amounts to be

Page  13 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

determined by the jury. Plaintiff is further entitled to declaratory and injunctive relief requiring the State of Oregon to implement constitutionally adequate policies and practices for the provision of medical care to inmates. Plaintiff is also entitled to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**PRAYER**

WHEREFORE, Plaintiff prays for Judgment in her favor and against Defendants as follows:

    a.   For economic damages in a sum which a jury determines to be reasonable, but not to exceed the sum of $32,953.11 for past economic damages and $50,000.00 for future economic damages;

    b.   For non-economic damages in a sum which a jury determines to be reasonable;

    c.   For Plaintiff's costs and disbursements incurred herein;

    d.   For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and,

    e.   Any further relief the Court deems just and equitable.

DATED this 5th day of May, 2026.

                                      **/s/ Neal Weingart**
                                      Neal Weingart, OSB No. 066551
                                      Neal Weingart – Attorney at Law, LLC
                                      820 SW 2nd Ave. Suite 200
                                      Portland, OR 97204
                                      Phone: 503-379-9933
                                      neal@nealweingartlaw.com
                                      *Attorney for Plaintiff*

Page  14 – COMPLAINT

Neal Weingart
Attorney at Law, LLC
820 SW 2nd Ave. Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

MICHELLE LAJIMODIERE, an individual,

        Plaintiff,

    vs.

THE STATE OF OREGON; WARREN GREGORY
ROBERTS, M.D., an individual; DEENA LOZIER, FNP-C,
an individual; and JOHN DOES 1-15, individuals,

        Defendant.

_____/

Case No. **26CV23017**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Marion      ss.

I, Julie J. Field, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons; Complaint*

STATE SERVICE - Pursuant to ORCP 7D(3)(g):

Upon **THE STATE OF OREGON**, by leaving such true copy of the aforementioned documents with Ben Swanson, the clerk on duty in the office of the Oregon Attorney General, at 1162 Court St. NE, Salem, OR 97301-4096 on May 12, 2026 at 10:26 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this __13th__ day of __May__ ,20__26__

X_____
Julie J. Field
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*375330*

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| MICHELLE LAJIMODIERE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF OREGON;<br>WARREN GREGORY ROBERTS, M.D., an individual;<br>DEENA LOZIER, FNP-C, an individual; and JOHN DOES 1-15, individuals,<br><br>Defendants. | Case No.  26CV23017<br><br>**SUMMONS** |

To:    **THE STATE OF OREGON**
**c/o Office of the Attorney General**
**Oregon Department of Justice**
**1162 Court St. NE**
**Salem, OR 97301**

Defendant:

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY

You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal document called a "motion" or "answer."  The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

Neal Weingart, OSB # 066551
Attorney for Plaintiff
820 SW 2nd Ave.
Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

http://www.oregonstatebar.org or by calling
(503) 684-3763 (in the Portland metropolitan
area) or toll-free elsewhere in Oregon at (800)
452-7636.

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to
serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the
individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of
service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Attorney of Record for Plaintiff(s)

5/20/2026 5:00 PM
26CV23017

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

# FOR THE COUNTY OF WASHINGTON

MICHELLE LAJIMODIERE, an individual,

Plaintiff,

v.

THE STATE OF OREGON;
WARREN GREGORY ROBERTS, M.D., an individual;
DEENA LOZIER, FNP-C, an individual; and
JOHN DOES 1-15, individuals,

Defendants.

Case No.  26CV23017

**SUMMONS**

To:  **WARREN GREGORY ROBERTS, M.D.**
**12248 SW Amalfi Lane**
**Wilsonville, OR 97070**

Defendant:

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT:  READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

Neal Weingart, OSB # 066551
Attorney for Plaintiff
820 SW 2nd Ave.
Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Attorney of Record for Plaintiff(s)

5/20/2026 5:00 PM
26CV23017

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

MICHELLE LAJIMODIERE, an individual,

        Plaintiff,

vs.

THE STATE OF OREGON; WARREN
GREGORY ROBERTS, M.D., an individual;
DEENA LOZIER, FNP-C, an individual; and
JOHN DOES 1-15, individuals,

        Defendant.

Case No. **26CV23017**

CERTIFICATE OF SERVICE

STATE OF OREGON
COUNTY OF MULTNOMAH        ss.

I, Thomas Patterson, hereby certify that I am a competent person 18 years of age or older, a resident of the STATE OF OREGON and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that I made service of a true copy of:

*Summons; Complaint*

By delivering the aforementioned documents to **WARREN GREGORY ROBERTS, M.D.**, personally and in person, at 12248 SW Amalfi Lane, Wilsonville, OR 97070 on May 19, 2026 at 12:57 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 20th day of May ,20 26.

X _____
Thomas Patterson
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*375331*

5/27/2026 12:11 PM
26CV23017

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

MICHELLE LAJIMODIERE, an individual,

        Plaintiff,

vs.

THE STATE OF OREGON; WARREN GREGORY
ROBERTS, M.D., an individual; DEENA LOZIER, FNP-C,
an individual; and JOHN DOES 1-15, individuals,

        Defendant.

_____/

Case No. **26CV23017**

DECLARATION OF MAILING

STATE OF OREGON
County of Multnomah       ss.

I, Mitch Wirth, hereby declare that I am a competent person 18 years of age or older and a resident of the state of service or this state and I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; and that the server knew that the person, firm, or corporation served is the identical one named in the action.

On May 26, 2026, I mailed a true copy of the Summons; Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which substituted service was made, to DEENA LOZIER, FNP-C.

The envelope was addressed as follows:

        DEENA LOZIER, FNP-C
        7047 SE Yearling Lane
        Milwaukie, OR 97267

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this _26th_ day of _May_ ,20_26_.

X _____
Mitch Wirth
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*375332*

5/27/2026 12:11 PM
26CV23017

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

MICHELLE LAJIMODIERE, an individual,

        Plaintiff,

    vs.

THE STATE OF OREGON; WARREN GREGORY
ROBERTS, M.D., an individual; DEENA LOZIER, FNP-C,
an individual; and JOHN DOES 1-15, individuals,

        Defendant.

_____/

Case No. **26CV23017**

CERTIFICATE OF SERVICE

STATE OF OREGON
COUNTY OF MULTNOMAH      ss.

I, Thomas Patterson, hereby certify that I am a competent person 18 years of age or older, a resident of the STATE OF OREGON and I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; and that the server knew that the person, firm, or corporation served is the identical one named in the action; that I made service of a true copy of:

*Summons; Complaint*

<u>SUBSTITUTED SERVICE - Pursuant to ORCP7D(2)(b):</u>

Upon **DEENA LOZIER, FNP-C**, by delivering such true copy at the dwelling house or usual place of abode of DEENA LOZIER, FNP-C, to-wit: 7047 SE Yearling Lane, Milwaukie, OR 97267, to Bill Lozier, who is a person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served on May 25, 2026 at 8:48 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 26th day of ___May___, 20 26.

X_____
Thomas Patterson
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*375332*

5/27/2026 12:11 PM
26CV23017

# IN THE CIRCUIT COURT FOR THE STATE OF OREGON

## FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| MICHELLE LAJIMODIERE, an individual, | Case No. 26CV23017 |
| Plaintiff, | |
| v. | **SUMMONS** |
| THE STATE OF OREGON; WARREN GREGORY ROBERTS, M.D., an individual; DEENA LOZIER, FNP-C, an individual; and JOHN DOES 1-15, individuals, | |
| Defendants. | |

**To:    DEENA LOZIER, FNP-C
7047 SE Yearling Lane
Milwaukie, OR 97267**

Defendant:

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at http://www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

Neal Weingart, OSB # 066551
Attorney for Plaintiff
820 SW 2nd Ave.
Suite 200
Portland, OR 97204
503-379-9933
neal@nealweingartlaw.com

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:** You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Attorney of Record for Plaintiff(s)

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| MICHELLE LAJIMODIERE, | Case No. 26CV23017 |
| Plaintiff, | ANSWER AND AFFIRMATIVE DEFENSES |
| v. | |
| THE STATE OF OREGON, WARREN GREGORY ROBERTS, M.D., DEENA LOZIER, FNP-C, JOHN DOES 1-15, | **ORS 20.140 - State fees deferred at filing** |
| Defendants. | |

State Defendants, State of Oregon and Deena Lozier, by and through the undersigned, in response to Plaintiff's Complaint, admits, denies, and alleges as follows:

1.

For paragraphs 2 and 3, State Defendants admit that Coffee Creek Correctional Facility is one of the prison facilities of the Oregon Department of Corrections ("ODOC"). ODOC is a state agency within the State of Oregon. ODOC Health Services provides medical care and treatment to adults in custody in ODOC facilities.

2.

State Defendants admit the allegations contained in paragraphs 5 and 7.

3.

Paragraphs 4 and 8 are denied as they are directed at a different co-defendant.

4.

State Defendants deny the allegations contained in paragraphs 6 and 14.

Page 1 -   ANSWER AND AFFIRMATIVE DEFENSES
BM3/ld1/1021185498

5.

State Defendants are without sufficient knowledge as to the truth of the allegations contained in paragraphs 1, 10, 11, 16, and 17, and therefore deny the same.

6.

For paragraph 9, State Defendants admit that a splint was not provided for Plaintiff's right thumb. State Defendants deny the remaining allegations contained in paragraph 9.

7.

For paragraph 12, State Defendants admit that Defendant Lozier ordered additional x-ray on February 12, 2024, and the x-ray showed no fracture. State Defendants deny the remaining allegations contained in paragraph 12.

8.

For paragraph 13, State Defendants admit that Defendant Lozier saw Plaintiff on or about March 5, 2024, and Plaintiff was approved for an orthopedic consultation on or about March 7, 2024.

9.

For paragraph 15, State Defendants admit that Plaintiff was sent to the emergency department on or about May 17, 2024. State Defendants deny the remaining allegations contained in paragraph 15.

10.

State Defendants deny each and every allegation of Plaintiff's Complaint not expressly admitted herein.

**FIRST AFFIRMATIVE DEFENSE**

**Comparative Negligence**

11.

Plaintiff's injuries were caused in whole or in part by Plaintiff's own negligence.

Page 2 -   ANSWER AND AFFIRMATIVE DEFENSES
BM3/ld1/1021185498

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

## SECOND AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

12.

Plaintiff failed to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Claim

13.

Plaintiff's claims for relief fail to allege ultimate facts necessary to state a claim.

## FOURTH AFFIRMATIVE DEFENSE

### No Punitive Damages Available Against

### Public Body and its Officers

14.

Plaintiff is barred from seeking punitive damages pursuant to ORS 30.269(1).

## FIFTH AFFIRMATIVE DEFENSE

### Oregon Tort Claims Act Limitations

15.

Plaintiff's state claims are all subject to the Oregon Tort Claims Act and the procedures, limitations, and immunities contained in ORS 30.260 et seq., including but not limited to the requirement that separate and timely Tort Claims Notices be provided within 180 days of the alleged actions on which each claim for relief is based, and the requirement that the timely giving of such Tort Claims Notices must be pled in the Complaint.

Page 3 -   ANSWER AND AFFIRMATIVE DEFENSES
BM3/ld1/1021185498

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**SIXTH AFFIRMATIVE DEFENSE**

**Qualified Immunity**

16.

Plaintiff's claims are based on actions of the defendants, which actions were taken in good faith and are therefore barred by the Doctrine of Qualified Immunity.

**SEVENTH AFFIRMATIVE DEFENSE**

**Statute of Limitations**

17.

All actions and events occurring outside the statute of limitations are barred by the statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

**Tort Claim Liability Limit**

18.

Plaintiff is barred from seeking damages in excess of those provided by ORS 30.271.

**RESERVATION OF ADDITIONAL DEFENSES**

19.

State Defendants reserve the right to assert additional defenses as may become known to them through investigation and discovery.

Page 4 -   ANSWER AND AFFIRMATIVE DEFENSES
BM3/ld1/1021185498

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray for a judgment in favor of Defendants against Plaintiff, dismissing Plaintiff's Complaint in its entirety and awarding defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED June __8__, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


___*s/ Rebecca D. Maile*___
REBECCA D. MAILE #174013
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
becky.maile@doj.oregon.gov
Of Attorneys for State Defendants

Page 5 -   ANSWER AND AFFIRMATIVE DEFENSES
BM3/ld1/1021185498

# CERTIFICATE OF SERVICE

I certify that on June __8__, 2026, I served the foregoing ANSWER AND AFFIRMATIVE DEFENSES upon the parties hereto by the method indicated below, and addressed to the following:

Neal  Weingart                                                     ___ HAND DELIVERY
Neal Weingart, Attorney at Law                              ___ MAIL DELIVERY
820 SW 2nd Ave. Suite 200                                  ___ OVERNIGHT MAIL
Portland, OR 97204                                             _x_ SERVED BY E-FILING
*Attorney for Plaintiff*                                          ___ SERVED BY EMAIL


Jeanne F. Loftis
Baker Sterchi Cowden & Rice, LLC                      ___ HAND DELIVERY
2100 Westlake Ave N., Ste 206                            ___ MAIL DELIVERY
Seattle, WA 98109                                              ___ OVERNIGHT MAIL
*Attorney for Roberts*                                           _x_ SERVED BY E-FILING
                                                                       ___ SERVED BY EMAIL

*s/ Rebecca D. Maile*
REBECCA D. MAILE #174013
Senior Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
becky.maile@doj.oregon.gov
Of Attorneys for Defendants

Page 1 -   CERTIFICATE OF SERVICE
             BM3/ld1/1021180802

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791